UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and JANICE LOWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>LABOR READY NORTHWEST, INC., LABOR READY, INC., and IFA NURSERIES, INC.,<br><br>  Defendants. | No. C05-5671RBL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER |

    This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for a Protective Order [Dkt. # 40].  Pursuant to Fed. R. Civ. P. 26(c), Plaintiff seeks to prevent Defendants' deposition of the EEOC where such deposition would lead to information that is unreasonably cumulative or privileged.  Plaintiff further seeks to prevent Defendants from impermissibly challenging the adequacy of the administrative investigation by the EEOC.

    The Court agrees.  First, defendants are prevented from seeking privileged information, including information that compromises the attorney-client privilege, the work product privilege, and the governmental deliberative process privilege.  *See e.g. Dept. of the Interior and Bureau of Indian Affairs v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 2 (2001) (quoting *NLRB v. Sears, Roebuck and Co.*, 421

U.S. 132, 150 (1975) (holding that the governmental deliberative process privilege protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.")  Second, there is no such thing as an affirmative defense asserting that the administrative investigation was inadequate.  *See EEOC v. Keco Indus.*, 748 F.2d 1097, 1100 (6th Cir. 1984).  The issue at hand is whether Defendants discriminated against Janice Lowell, and that is the only issue that will be determined on the merits at trial.

With regard to the issue at hand, the Court acknowledges Defendants' desire to seek factual information to help it understand the EEOC's claim against it.  To that end, the Court permits the Defendants to depose the EEOC investigator assigned to Janice Lowell's case.  The investigator may help clarify for the Defendants any information in documents that the EEOC already delivered.  However, the deposition will be subject to the limitations described above.  If Defendants request any information or analysis that would compromise EEOC's privileges, EEOC counsel may object.  The parties may bring to this Court any disputes they cannot settle amongst themselves.

In summary, the Court GRANTS IN PART the Plaintiff's Motion for Protective Order [Dkt. #40].  Defendant will be permitted to depose the EEOC investigator subject to limitations in this Order.

IT IS SO ORDERED.

DATED this 13th day of April, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE